JOSÉ DELGADO-GONZÁLEZ, Petitioner, *v.* DISTRICT COURT OF HUMACAO, GABRIEL CASTEJÓN, J., Respondent.

No. 528. Argued July 19, 1926.—Decided November 18, 1926.

*M. Rodríguez Serra* for the petitioner. *González Fagundo & González Jr.* for the intervenor.

MR. JUSTICE WOLF delivered the opinion of the court.

In September, 1921, Avelino Márquez sued Saturnino Dávila for several thousands of dollars and attached an automobile truck alleged to be the property of the defendant. On the 20th of August, 1922, José Delgado González, now the petitioner in this certiorari proceeding, intervened, claiming the attached property as his own, and gave the customary bond with sureties for the devolution of the auto-truck. Up to the 15th of December, 1922, the case presented no legal aspect different from various other cases of intervention. On that date, however, the court ordered the filing away

(*archivo*) of the principal suit because of its abandonment by Avelino Márquez Díaz, the said original complainant.

The intervenor and present petitioner, as we gather from the petition, lulled into a false security by this alleged abandonment and filing away, failed to prosecute his own separate intervention proceeding and, beyond his original measures, took no steps to make certain his title to the auto-truck until he found that a judgment had been pronounced against himself and his sureties on the bond. It transpired that by stipulation between the original complainant and the defendant the order of December 15, 1922, had been set aside and the suit reestablished in the calendar within a very few days after the said order of filing away; that after various preliminary proceedings, *including the trial*, judgment in the principal action was obtained in 1924 by the complainant against the defendant; that after an appeal to this court was disposed of the complainant then moved for judgment against the intervenor and obtained the same on the 12th day of May, 1926. Then the intervenor moved to set aside the judgment against him and his sureties and when his motion was overruled moved for a reconsideration which was likewise denied.

It is immediately evident that the petitioner had a remedy by appeal. We were induced to issue this writ largely because of the various averments of the lack of notice of important proceedings. Probably we ought to have left the petitioner to his remedy by appeal, but, having assumed jurisdiction and a vacation time having for the proper consideration of this petition unavoidably intervened, we shall consider the case on its merits.

The petitioner averred a number of times that the order of December 15, 1922, filing away the suit for abandonment made him think or feel that the attachment proceeding had fallen with the said order. The petitioner assumes evidently

that the said order was a final judgment disposing of the case. Neither in form nor in common practice was the order of December 15, 1922, such a final judgment. The said order awards no costs and does not tell the secretary to enter a final judgment in favor of the defendant. In this particular instance the complainant came into court on the *morrow* of the order, namely, on the 16th day of December, 1922, and said that he had mistaken the day of the setting and the court, with a stipulation of the parties to that effect, promptly set the order aside. In common practice or under section 140 of the Code of Civil Procedure the court will restore a case under decidedly more unfavorable conditions and would be guilty of an abuse of discretion if it did not. The petitioner's position as an intervenor was not legally varied or affected by the action of the court ordering the archive or setting that order aside, and the petitioner had no right to rely on the supposed abandonment.

Similarly, the alleged lack of notice of decision could not avail petitioner. The effect, if any there was, of the lack of notice of the order of filing away could only destroy the validity of that order, leaving the original suit pending in all its force. To a very large extent, moreover, the petitioner is here relying on said order and he plainly had knowledge of it. He was bound, too, to know that the order was not final and could be readily set aside. At best, the lack of notice could not affect petitioner because, as we shall see, it was his paramount duty to prosecute his own suit of intervention. Along with the respondent we seriously question whether an intervenor needs to be advised of every step between the parties *inter sese,* but only of those which affect his interests.

On this alleged question of lack of notice the record presents a peculiar aspect. Fulgencio Piñeiro was the attorney of the original defendant. The petitioner, as he

avers, put his claim in the hands of said attorney. The latter, as petitioner averred in the court below, turned the case over to Celestino Benítez. Petitioner told the court that he always believed that attorney Fulgencio Piñeiro repre-sented him and that petitioner relied on said attorney. The court said incidentally that attorney Piñeiro had no right to represent petitioner; nevertheless the fact remains that attorney Piñeiro was originally retained by petitioner and it is also a fact that said attorney was notified of all the proceedings in the case. We see no error and we certainly see no prejudice in these alleged failures to notify.

It is the duty of an intervenor, like any other complainant, to *prosecute his claim*. The issue is between him and the parties to the original suit and relates almost exclusively, if not entirely, to the ownership of the attached property. The defendant in the original suit, as well as the complainant, has a right to be heard on whether the attached property is his own. Even *satisfying* the claim of the complainant after an execution, the defendant still might have a right to a residue, if any there was. If the complainant abandoned his suit the defendant was entitled to the return of the attached auto-truck, always provided the claim of the intervenor was not superior. The duty of the intervenor is to prove his title against either or both of the original parties and the defendant, if judgment runs in his favor in the principal suit, has a right to his day in court in the subsidiary action. By the alleged abandonment or abandonments of the original complainant the intervenor was not relieved of his duty as a complainant in the trial of property.

The complainant in the original action obtained judgment against the defendant on the 12th day of May, 1924. The petitioner does not complain of a lack of notice of this judgment. The following order appears in the record of the intervention proceedings:

"JUDICIAL DISTRICT OF HUMACAO, P. R.

IN THE DISTRICT COURT

"José Delgado González  ⎫
⎪
*vs.*  ⎬ Civil No. 8541.
⎪ Action of Intervention.
Avelino Márquez Díaz, et al. ⎭

"DISMISSAL ON THE GROUND OF ABANDONMENT

ORDER

"On this 21st day of November, 1924, the day set for hearing the reasons of the plaintiff why the action should not be dismissed because of abandonment, considering that more than one year has elapsed without his taking any step for the prosecution of the action, the court decides to dismiss and file away the case, without costs.

"Given in open court, at Humacao, P. R., on November 21, 1924.

(Signed)   Pablo Berga,
District Judge.

"A copy of the above order was mailed to Celestino Benítez, of Juncos, attorney for the plaintiff, on November 21, 1924.

(Signed)   R. Ramírez, Jr.,
Clerk."

A copy of this order was notified to Celestino Benitez. The petitioner complains that this notice was insufficient, but he does not make it clear to us why this is so. On the 6th of May, 1926, the complainant moved for judgment against the intervenor and his sureties and obtained it. We can not agree with the petitioner on any question of notice or of any alleged right to rely on the abandonment by complainant. Petitioner also contends that according to the law there must be a victorious party and there was none in this case. The abandonment of the intervention proceeding made his opponent, the complainant, a successful party.

The only serious doubt that we have had in this case is whether the court below ought not under section 140 of the Code of Civil Procedure to have exercised a discretion in favor of the petitioner. The latter did allege a valuable

property right and was in fact never heard thereon, perhaps due to the negligence of his attorneys. The only final judgment against him bore date in May, 1926, and his motion to the court was in time and properly made. The petitioner, however, in this court has not invoked any such ground, but has relied on supposed infractions of his rights. The petitioner states that he was misled by the abandonment or inactivity of the complainant. Nevertheless for four years he failed to make out a title and the negligence of his attorney or attorneys must be imputed to him.

Under the circumstances we are not prepared to say, especially on our own motion, that the court abused its discretion and the writ must be annulled.